**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10196 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00040-FRZ-CRP-1 |
| v. | |
| VICTOR MANUEL CANEDO-REYNA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted March 10, 2010
San Francisco, California

Before: FERNANDEZ, GRABER, and McKEOWN, Circuit Judges.

Defendant Victor Canedo-Reyna appeals his conviction for illegal reentry in

violation of 8 U.S.C. § 1326. For the following reasons, we affirm.

1. Reviewing de novo, United States v. Proa-Tovar, 975 F.2d 592, 594 (9th

Cir. 1992) (en banc), we hold that the district court properly denied Defendant's

collateral attack on the 1985 deportation order. The court correctly held that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant had not exhausted his administrative remedies. See 8 U.S.C. § 1326(d)(1) (requiring exhaustion of administrative remedies). As the government concedes, Defendant could still file a motion to reopen, but he has not done so.

2. Reviewing de novo, United States v. Mosley, 465 F.3d 412, 414-15 (9th Cir. 2006), we hold that sufficient evidence supported the conviction. A reasonable juror could have concluded that Defendant was free from official restraint in the five-day period between his entry into the country and his interview, many miles from the border, with the testifying government agent. See United States v. Bello-Bahena, 411 F.3d 1083, 1087 (9th Cir. 2005) (reaching the same conclusion on similar facts).

**AFFIRMED**.